UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

AWAL BANK, BSC,

　　　　　Debtor in a Foreign Proceeding.

Chapter 15

Case No. 09-B-15923 (ALG)

## ORDER GRANTING RECOGNITION OF
## FOREIGN MAIN PROCEEDING AND RELIEF IN AID THEREOF

A hearing having been held before the Court on October 27, 2009 (the "Hearing")

to consider the Chapter 15 Verified Petition for recognition, filed September 30, 2009, pursuant

to 11 U.S.C. §§ 1504 and 1515, by Charles Russell, LLP, the External Administrator (the

"Petitioner") of Awal Bank (the "Debtor"), as the foreign representative, in an administration

commenced by the Central Bank of Bahrain (the "Foreign Proceeding"); and due and timely

notice of the filing of the Chapter 15 Petition and the Hearing thereon having been given by the

Petitioner by overnight courier, U.S. mail, and email, where email address was available, to all

parties-in-interest, wherever located, which notice was adequate for all purposes such that no

other or further notice thereof need be given; and having considered and reviewed all other

pleadings and exhibits submitted by the Petitioner in support of the Chapter 15 Petition; and no

other objections having been filed thereto; and all interested parties have had due and proper

notice and an opportunity to be heard; and having heard arguments by counsel appearing at the

Hearing; and after due deliberation and sufficient cause appearing therefore, the Court finds and

concludes as follows:

1.　　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334, 11 U.S.C. § 1501, and the Standing Order of Referral of Cases to Bankruptcy Judges

of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3.      Venue is properly located in this District pursuant to 28 U.S.C. § 1410(2).

4.      The Petitioner is a person pursuant to 11 U.S.C. § 101(41) and is the duly appointed foreign representative of the debtor pursuant to 11 U.S.C. § 101(24).

5.      The Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515.

6.      The Chapter 15 Petition meets the requirements of 11 U.S.C. § 1515.

7.      The Foreign Proceeding is a foreign proceeding pursuant to 11 U.S.C. § 101(23).

8.      The Foreign Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

9.      The Foreign Proceeding is pending in the country where the center of main interests of the Debtor is located and, as such, is a foreign main proceeding pursuant to 11 U.S.C. § 1502(4) entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

10.      The Petitioner is entitled to the relief provided pursuant to 11 U.S.C. § 1520.

NOW, THEREFORE, IT IS HEREBY:

ORDERED, that the Foreign Proceeding is granted recognition pursuant to 11 U.S.C. § 1517(a); and it is further

ORDERED, that the Foreign Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C § 1517(b)(1); and it is further

ORDERED, that the Foreign Proceeding shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities; and it is further

ORDERED, that upon recognition of the Foreign Proceeding as a foreign main proceeding, 11 U.S.C. § 1520 shall be effective; and it is further

ORDERED, that as a result §§ 361 and 362 apply with respect to Awal Bank and the property of Awal Bank that is within the territorial jurisdiction of the United States; and it is further

ORDERED, that all notice requirements **to non – United States creditors** set forth in 11 U.S.C. § 1514 are waived, **subject to further Court order;** and it is further

ORDERED, that a true and correct copy of this Order shall be served by United States mail, first class postage prepaid, overnight courier and email, where email address is available, on or before **October 30, 2009**, upon all Notice Parties; and it is further

ORDERED, that service in accordance with this Order shall constitute good and sufficient service and adequate notice.

Dated: October 27, 2009               */s/ Allan L. Gropper*
      New York, New York               United States Bankruptcy Judge