**BROWN RUDNICK LLP**
David J. Molton
Sunni P. Beville
Robert L. Harris
Brown Rudnick LLP
Seven Times Square
New York, New York 10036
(212) 209-4800

*Counsel to Charles Russell, LLP, London, as
External Administrator of Awal Bank, BSC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>AWAL BANK, BSC,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 09-15923 (ALG) |

**MOTION FOR ENTRY OF ORDER
AUTHORIZING THE FOREIGN REPRESENTATIVE TO FILE DISCOVERY
MOTION PARTIALLY UNDER SEAL**

Charles Russell, LLP ("Charles Russell"), as External Administrator of Awal Bank BSC ("Awal Bank") and duly authorized foreign representative in a Kingdom of Bahrain administration recognized as a foreign main proceeding pursuant to an order of this Court dated October 27, 2009, by its United States counsel, Brown Rudnick LLP, hereby moves this Court, pursuant to section 107(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing the filing of a motion for an order authorizing discovery from The Royal Bank of Scotland plc ("RBS") and/or HSBC

Bank plc ("HSBC") pursuant to 11 U.S.C. § 1521 and Bankruptcy Rule 2004 (the "Discovery Motion") partially under seal.

In support of this motion, Charles Russell states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## II. BACKGROUND

2. As set forth more fully in the Discovery Motion,[1] Charles Russell is seeking discovery in the form document requests and deposition testimony from RBS and HSBC in connection with the transfer and disposition to HSBC of certain funds owned by Awal Bank pursuant to a 1992 ISDA Agreement (Multicurrency-Cross Border) with RBS (the "ISDA Agreement").

3. More specifically, in mid-2009, RBS closed all of Awal Bank's open positions under the ISDA Agreement on account of a purported "event of default". At this time, RBS calculated that Awal Bank owed $63,324,696.89 under the ISDA Agreement. However, this balance was set off against cash collateral provided by Awal Bank in the amount of $27,090,000, thereby leaving a shortfall of $35,910,000.

4. After liquidation of shares held by the Security Agent, a balance of $13,330,093.17 remained owing by RBS to Awal Bank. By letters dated July 8, 2009, Lawrence Graham LLP, on behalf of Awal Bank, instructed RBS to pay via wire transfer $13,330,093.17 (minus any legitimate expenses) to Awal Bank's account with the Bank

---

[1] A copy of the redacted and unredacted versions of the Discovery Motion will be submitted to Chambers simultaneously with the service of this Motion.

of Bahrain and Kuwait, Manama ("BBK"). Despite these express instructions, RBS paid $12,996,220.98 (the "Misdirected Funds") to Awal Bank's account with HSBC in New York.

5. By the Discovery Motion, Charles Russell seeks documents and deposition testimony relating to, among other things, the facts concerning the misdirected transfer itself, the efforts undertaken by RBS to recover the Misdirected Funds, the nature of Awal Bank's account(s) at HSBC and HSBC's refusal to return the Misdirected Funds. To that end, the Discovery Motion (and corresponding exhibits) contains references to Awal Bank account information, including account numbers, with BBK and HSBC. Disclosure of such confidential and proprietary information would cause substantial harm to Awal Bank.

### III. RELIEF REQUESTED

6. Charles Russell seeks entry of an order, in the form attached hereto as Exhibit A, authorizing it to file a copy of the Discovery Motion partially under seal in accordance with section 107(b) of the Bankruptcy Code, and directing that the Discovery Motion shall remain under seal and confidential, and not be made available to anyone without the consent of Charles Russell or further order of the Court.

7. However, in order to provide as much information as possible to parties-in-interest in this chapter 15 case, Charles Russell proposes to file a partially redacted version of the Discovery Motion publicly. Charles Russell will serve an unredacted version of the Discovery Motion on the Court, as well as RBS and HSBC (collectively, the "Limited Notice Parties").

## IV. ARGUMENT

8. Motions to file documents under seal are governed by Section 107(b) of the Bankruptcy Code.

9. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may - -
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; . . .

See 11 U.S.C. § 107(b).

10. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 states in pertinent part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . .

See Fed. R. Bank. P. 9018.

11. Once the Court determines that a party-in-interest is seeking protection of information that falls within one of the categories enumerated in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994). Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." See In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the

purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").

12. Here, Charles Russell is seeking to protect information – bank account numbers - that falls within squarely within the scope of section 107(b). As discussed above, Awal Bank may suffer substantial harm if this highly confidential and commercially sensitive information became public. Accordingly, this Court should authorize the Discovery Motion to be filed partially under seal and limit notice of the same.

## V. NOTICE

13. Charles Russell proposes to serve this motion upon parties in interest in accordance with the notice procedures established in this chapter 15 case. Further, if this Order is entered, a copy of the Order and redacted version of the Discovery Motion will be served upon parties in interest in accordance with the notice procedures established in this chapter 15 case, and a copy of this Order and an unredacted version of the Discovery Motion will be served upon the Court and the Limited Notice Parties. In light of the nature of the relief requested herein, Charles Russell submits that no other or further notice is required.

## VI. WAIVER OF MEMORANDUM OF LAW

14. In accordance with Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, no separate memorandum of law is necessary as all authorities relied on in support of this motion are set forth herein.

## VII. NO PRIOR REQUEST

15. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, Charles Russell respectfully requests an entry of an order, in the form attached hereto as <u>Exhibit</u> <u>A</u> authorizing Charles Russell to file a copy of the Discovery Motion partially under seal, limiting the parties who have access to the Discovery Motion and granting such other and further relief as the court deems appropriate.

Dated: June 16, 2010
      New York, New York

/s/ David J. Molton
David J. Molton
Sunni P. Beville
Robert L. Harris
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
Tel: ((212) 209-4800
Fax: (212) 209-4801

Attorneys for the Petitioner Charles Russell, LLP, London, as External Administrator of Awal Bank, BSC
