# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>AWAL BANK, BSC,<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 09-15923 (ALG) |
| In re:<br><br>AWAL BANK, BSC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 10-15518 (ALG) |

**ORDER PURSUANT TO 11 U.S.C. §§ 363 AND 365 APPROVING THE PURCHASE & SALE AGREEMENT AND ASSIGNMENT AND ASSUMPTION AGREEMENT**

Upon the Motion dated March 23, 2011 (the "Motion") of Charles Russell, LLP, as duly authorized foreign representative and External Administrator (the "External Administrator") of debtor Awal Bank, BSC ("Awal Bank" or the "Debtor"), on behalf of the Debtor, for entry of an order, pursuant to Sections 363 and 365 of the Bankruptcy Code, relating to the sale (the "Sale") of the Debtor's limited partnership interest in EnerTech Capital Partners III ("ECP III" and Awal Bank's limited partnership interest therein, the "ECP III Interest"), and the assumption and assignment of the Debtor's obligations under the Partnership Agreement (as defined in the Motion)[1] pursuant to the proposed PSA and the Assignment and Assumption Agreement, and for related relief; and the Court having jurisdiction to consider the Motion to Approve and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion to

---

[1] Unless otherwise provided, all capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Approve and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a); the requirement that the Debtor file a separate memorandum of law in support of the Motion to Approve pursuant to Local Rule 9013-1(b) being unnecessary and hereby dispensed with; and notice of the Motion having been adequate and appropriate in the circumstances; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

a. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

b. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

c. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

d. The terms of the PSA and the Assignment and Assumption Agreement are fair, reasonable and in the best interest of Awal Bank, its estate, and all parties in interest.

e. The External Administrator has provided good and sufficient notice for all purposes of the transactions contemplated by the PSA and the Assignment and Assumption Agreement.

f. The Purchaser has dealt with the External Administrator and all other parties to the PSA and Assignment and Assumption Agreement in good faith.

g. The transfer of the ECP III Interest from Awal Bank to the Purchaser and the assumption of the obligations appurtenant to such ECP III Interest by the Purchaser, as authorized and required herein, is in the best interest of Awal Bank, its estate, and all parties in interest.

h. The assumption by Awal Bank of the Partnership Agreement pursuant to Section 365(a), and assignment thereof to the Purchaser pursuant to Sections 365(b)(1), (f)(2) and (k), including all obligations and liabilities relating thereto, as authorized and required herein, is in the best interest of Awal Bank, its estate and all parties in interest.

i. The Purchaser has provided adequate assurance of future performance under the Partnership Agreement and financial capacity to do so ~~as~~ **to the extent** required under Sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code.

j. The private sale (rather than a public auction) of the ECP III Interest is in the best interests of the Debtor's estate.

k. Neither Awal Bank nor the Purchaser has engaged in any conduct that would cause or permit the transaction to be avoided under Bankruptcy Code section 363(n).

l. The ECP III Interest to be assigned and transferred to the Purchaser pursuant to the PSA and Assignment and Assumption Agreement is property within the territorial jurisdiction of the United States.

m. The External Administrator has demonstrated sufficient business need for a waiver of the 14-day stay period under Bankruptcy Rule 6004(h).

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion is GRANTED.

~~2.~~ The PSA and the Assignment and Assumption Agreement are authorized and approved, ~~in their entirety,~~ and the parties to the PSA and the Assignment and Assumption Agreement are authorized and directed to perform the PSA and the Assignment and Assumption Agreement in accordance with their terms. The failure to specifically include any particular provision of the PSA and the Assignment and Assumption Agreement in this Order shall not

diminish or impair the effectiveness of such provisions. ~~it being the intent of this Court to approve the PSA and the Assignment and Assumption Agreement in their entirety.~~

3. Pursuant to Section 363 of the Bankruptcy Code, Awal Bank is authorized to transfer the ECP III Interest to the Purchaser in accordance with the PSA and the Assignment and Assumption Agreement, and the Purchaser is authorized and required to accept such transfers, along with any appurtenant obligations.

4. The Partnership Agreement is an executory contract within the meaning of Section 365 of the Bankruptcy Code and, pursuant to Sections 365(a) and 365(b)(1), (f)(2) and (k) of the Bankruptcy Code, Awal Bank is authorized to assume the Partnership Agreement and assign it to the Purchaser in accordance with the PSA and the Assignment and Assumption Agreement, along with all obligations and liabilities arising in connection therewith.

5. The parties to the PSA and the Assignment and Assumption Agreement are further authorized and required to effect any sale, transfer, encumbrance, disposition or realization required or authorized pursuant to the PSA and the Assignment and Assumption Agreement.

6. The Court shall retain jurisdiction over the parties to the Master Settlement Agreement for the purposes of interpretation, implementation and enforcement of the PSA and the Assignment and Assumption Agreement.

7. The ECP III Interest to be assigned to the Purchaser pursuant to the PSA and the Assignment and Assumption Agreement shall be free and clear of any charge, claim, limitation, condition, equitable interest, mortgage, lien, option, pledge, security interest, easement, encroachment, right of first refusal, adverse claim or restriction of any kind, including any restriction on or transfer or other assignment, as security or otherwise, of or relating to use, quiet

enjoyment, voting, transfer, receipt of income or exercise of any other attribute of ownership, **any such interest to attach to the proceeds of sale.**

8.  Any and all stays that may arise under any Bankruptcy Rule, including Bankruptcy Rule 6004(h), are deemed waived, so as to permit this Order to become immediately effective on entry.


Dated: April 21, 2011
      New York, New York

                                       */s/ Allan L. Gropper*
                                      UNITED STATES BANKRUPTCY JUDGE