Hearing Date:       April 27, 2016 at 10:00 A.M. (Eastern Time)
Objection Deadline: April 20, 2016 at 5:00 P.M. (Eastern Time)

**BROWN RUDNICK LLP**
David J. Molton, Esq.
D. Cameron Moxley, Esq.
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  dmolton@brownrudnick.com
Email:  cmoxley@brownrudnick.com

*Counsel for Charles Russell Speechlys LLP,
as External Administrator of Awal Bank, BSC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>AWAL BANK, BSC,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 09-15923 (MEW) |

**NOTICE OF HEARING REGARDING FOREIGN REPRESENTATIVE'S
MOTION FOR AUTHORITY TO CONDUCT ADDITIONAL DISCOVERY**

**PLEASE TAKE NOTICE** that the hearing on the *Foreign Representative's Motion for Authority to Conduct Additional Discovery*, dated March 18, 2016 (the "Motion"), of Charles Russell Speechlys LLP (f/k/a Charles Russell, LLP) (the "Foreign Representative" and "External Administrator")), as duly authorized foreign representative (as defined by 11 U.S.C. § 101(24)) and as External Administrator of Awal Bank, BSC ("Awal Bank" or "Debtor") in a Kingdom of Bahrain administration (the "Foreign Main Proceeding") recognized under 11 U.S.C § 1517(b)(1) as a foreign main proceeding pursuant to the *Order Granting Recognition Of Foreign Main Proceeding And Relief In Aid Thereof*, dated October 27, 2009 (the "Recognition Order") [Case No. 09-15923, Docket No. 18], for an order to conduct additional discovery, all as more fully set forth in the Motion, will be held before the Honorable Michael E. Wiles, United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York

(the "<u>Bankruptcy Court</u>") at One Bowling Green, New York, New York 10004, Courtroom 617 on **April 27, 2016 at 10:00 a.m**. (Prevailing Eastern Time), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must comply with the Federal Rules of Bankruptcy Procedures and the Local Rules of the Bankruptcy Court, must be set forth in a writing describing the basis therefore and must be filed with the Bankruptcy Court electronically in accordance with General Order M-399, by registered users of the Bankruptcy Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served upon each of the following so as to be actually received no later than **5:00 p.m. on April 20, 2016** (the "<u>Objection Deadline</u>"): (i) attorneys for the Foreign Representative, Brown Rudnick LLP, Seven Times Square, New York, New York 10036, Attn: David J. Molton, Esq.; and (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Susan D. Golden, Esq.

[The remainder of this page is intentionally blank]

| | |
|---|---|
| Dated:  March 18, 2016<br>New York, New York | Respectfully submitted,<br><br>**BROWN RUDNICK LLP**<br><br>/s/ David J. Molton<br>David J. Molton, Esq.<br>D. Cameron Moxley, Esq.<br>Brown Rudnick LLP<br>Seven Times Square<br>New York, New York 10036<br>Telephone:  (212) 209-4800<br>Facsimile:  (212) 209-4801<br>Email:  dmolton@brownrudnick.com<br>Email:  cmoxley@brownrudnick.com<br><br>*Counsel for Charles Russell Speechlys LLP,*<br>*as External Administrator of Awal Bank, BSC* |

62430305

|  |  |
|---|---|
| Hearing Date: | April 27, 2016 at 10:00 A.M. (Eastern Time) |
| Objection Deadline: | April 20, 2016 at 5:00 P.M. (Eastern Time) |

**BROWN RUDNICK LLP**
David J. Molton, Esq.
D. Cameron Moxley, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: cmoxley@brownrudnick.com

*Counsel for Charles Russell Speechlys LLP,
as External Administrator of Awal Bank, BSC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

In re:

AWAL BANK, BSC,

    Debtor in a Foreign Proceeding.

Chapter 15

Case No. 09-15923 (MEW)

**FOREIGN REPRESENTATIVE'S MOTION FOR
AUTHORITY TO CONDUCT ADDITIONAL DISCOVERY**

Charles Russell Speechlys LLP (f/k/a Charles Russell, LLP) (the "Foreign Representative" and "External Administrator"), as duly authorized foreign representative (as defined by 11 U.S.C. § 101(24)) and as External Administrator of Awal Bank, BSC ("Awal Bank" or the "Debtor") in a Kingdom of Bahrain administration (the "Foreign Main Proceeding"), recognized under 11 U.S.C. § 1517(b)(1) as a foreign main proceeding pursuant to the *Order Granting Recognition Of Foreign Main Proceeding And Relief In Aid Thereof*, dated October 27, 2009 (the "Recognition Order") [Docket No. 18], by its undersigned United States counsel, Brown Rudnick LLP, respectfully moves (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Section 1521(a)(4) of Chapter

15 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Foreign Representative to seek discovery from certain persons and entities identified in note 1 herein (collectively, the "Additional Discovery Parties") for the purpose of, *inter alia*, identifying, ascertaining, realizing and/or protecting the assets of the Debtor for the benefit of the interests of its creditors.[1]

In support of this Motion, the Foreign Representative respectfully submits as follows:

## BACKGROUND

1.  Detailed background regarding the Foreign Main Proceeding is set forth in the *Memorandum of Law In Support of Verified Petition for Recognition of Foreign Proceeding and Motion for Provisional Relief* [Docket No. 7] (the "Brief in Support of Petition"). In addition, on March 4, 2016, the Foreign Representative provided a *Status Report* [Docket No. 92] stating the current status of the Foreign Main Proceeding as well as the current status of the insolvency proceedings concerning subsidiaries of Awal Bank (the "AwalCos"[2]) ongoing in the Cayman Islands (the "Cayman Islands Proceedings"), including the litigation over a disputed claim held by the Ahmad Hamad Algosaibi and Brothers Company ("AHAB") pending against six of the AwalCos and others for $9.2 billion, which is being vigorously defended and is scheduled to go to trial in the Cayman Islands Grand Court in July 2016.

2.  On July 7, 2010, in the *Order on Motion of the Foreign Representative for an Order Compelling the Production of Documents and the Examination of Witnesses Pursuant to §*

---

[1] The Additional Discovery Parties are: JPMorgan Chase Bank, N.A.; J.P. Morgan Markets Limited; J.P. Morgan (Suisse) SA; J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.); J.P. Morgan Clearing Corp., and J.P. Morgan International Bank Limited.

[2] The seven AwalCos are Awal Master Fund; Awal Feeder 1 Fund Limited; Awal Finance Company Limited; Awal Finance Company (No. 2) Limited; Awal Finance Company (No. 3) Limited; Awal Finance Company (No. 4) Limited; and Awal Finance Company (No. 5) Limited. The mailing address of the AwalCos' Registered Office is c/o Chris Johnson Associates, P.O. Box 2499, Elizabethan Square, 80 Shedden Road, George Town Grand Cayman KY1-1104, Cayman Islands.

2

*1521 of the Bankruptcy Code and Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Docket No. 42] (the "First Discovery Order"), this Court recognized the Foreign Representative's rights and powers under Section 1521(a)(4) of the Bankruptcy Code and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to take discovery in the form of document discovery and deposition testimony from The Royal Bank of Scotland plc ("RBS") and/or HSBC Bank plc ("HSBC").[3]

3. On January 24, 2013, in the *Stipulated Order Compelling the Production of Documents Pursuant to § 1521 of the Bankruptcy Code* [Docket No. 83] (the "Second Discovery Order" and, together with the First Discovery Order, the "Discovery Orders"), this Court again recognized the Foreign Representative's rights and powers under Section 1521(a)(4) to take discovery in the form of document discovery from Standard Chartered International (USA) Ltd.; Bank of America, N.A., New York; HSBC Bank USA, N.A.; and Citibank N.A., New York (collectively, the "Banks"). This Court's Second Discovery Order also provided: "Nothing in this order limits the External Administrator's ability to seek discovery of additional materials from any party, including the Banks, pursuant to Sections 1521(a), 1521(a)(4), Rule 2004 of the Federal Rules of Bankruptcy Procedure or otherwise authorized by law." [Docket No. 83 at ¶ 5.]

4. Since entry of the Discovery Orders, the Foreign Representative has taken discovery from RBS, HSBC, and the Banks as part of its effort to, *inter alia*, identify, preserve, and maximize realization of the assets of the Debtor for the benefit of its creditors. In the course of the Foreign Representative's investigation, it has identified additional persons and entities

---

[3] 11 U.S.C. § 1521(a)(4) provides, in relevant part, that "(a) Upon recognition of a foreign proceeding, whether main or nonmain, where necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief, including – . . . (4) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities . . . ."

3

(specifically, the Additional Discovery Parties) that may be in possession of information germane to that effort. In order to investigate, identify, and fully realize the value of the Debtor's assets, the Foreign Representative respectfully requests the right to examine those additional witnesses, take additional evidence from them, and obtain additional information from them concerning the Debtor's assets and obligations.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

7. The statutory predicates for the relief requested herein are Sections 1521 and 1522 of the Bankruptcy Code.

## ARGUMENT

8. Upon recognition of the Foreign Main Proceeding as a foreign main proceeding, this Court was empowered to grant "any appropriate relief" pursuant to Section 1521(a) of the Bankruptcy Code where such relief is "necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1521(a). Relief under Section 1521(a) is appropriate so long as "the interests of the creditors and other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. § 1522(a).

9. The Foreign Representative's ultimate goal is to preserve and maximize realization on the assets of the Debtor for the benefit of its creditors. In particular, the Foreign Representative is tasked with identifying claims and marshaling the assets of the Debtor. See Brief in Support of Petition [Docket No. 7] at 9.

10. To that end, the requested relief – an expansion of the universe of persons and entities from whom the Foreign Representative is authorized to take discovery – is appropriate. As an initial matter, this Court has already recognized the Foreign Representative's need for discovery by granting it authority to take discovery pursuant to Section 1521(a)(4) from RBS, HSBC, and the Banks. See the Discovery Orders [Docket Nos. 42 and 83]. Moreover, the requested relief is appropriate because the Central Bank of Bahrain (the "CBB"), which supervises and may instruct the Foreign Representative as External Administrator of Awal Bank, has asked the Foreign Representative to "identify the outstanding claims of creditors and . . . develop proposals for satisfying those claims to the extent permitted by the realizable assets of the bank." Brief in Support of Petition [Docket 7] at 7-8 (internal quotation marks omitted). Accordingly, Section 1521(a)(4) expressly authorizes this Court to grant discovery powers in aid of the Foreign Main Proceeding and needed to properly administer the Debtor's estate.

## NOTICE

11. The Foreign Representative proposes to serve this Motion and, if an order is entered, a copy of the order, upon: (i) the Additional Discovery Parties; (ii) the Office of the United States Trustee; (iii) all known U.S. creditors of the Debtor; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002. The Foreign Representative respectfully submits that no other or further notice need be given.

[The remainder of this page is intentionally blank]

| | |
|---|---|
| Dated: March 18, 2016<br>New York, New York | Respectfully submitted,<br><br>**BROWN RUDNICK LLP**<br><br>/s/ David J. Molton<br>David J. Molton, Esq.<br>D. Cameron Moxley, Esq.<br>Brown Rudnick LLP<br>Seven Times Square<br>New York, New York 10036<br>Telephone:  (212) 209-4800<br>Facsimile:  (212) 209-4801<br>Email:  dmolton@brownrudnick.com<br>Email:  cmoxley@brownrudnick.com<br><br>*Counsel for Charles Russell Speechlys LLP,*<br>*as External Administrator of Awal Bank, BSC* |

6

# **Exhibit A:**
# **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>AWAL BANK, BSC,<br><br>   Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 09-15923 (MEW) |

**ORDER AUTHORIZING FOREIGN REPRESENTATIVE**
**TO CONDUCT ADDITONAL DISCOVERY**

Upon the *Foreign Representative's Motion for Authority to Conduct Additional Discovery* (the "Motion"),[1] filed by Charles Russell Speechlys LLP (f/k/a Charles Russell, LLP), in its capacity as Foreign Representative of Awal Bank, BSC (the "Debtor"), seeking relief under Section 1521(a)(4) of the Bankruptcy Code Chapter 15; and upon the hearing on the Motion and this Court's review and consideration of the Motion; and no objection having been filed, it is hereby

ORDERED, that the Foreign Representative is entitled to obtain discovery from, to examine, and/or to take evidence from the Additional Discovery Parties, identified in Schedule A attached hereto, concerning, *inter alia*, the Debtor's assets, affairs, rights, obligations, or liabilities; and it is further

ORDERED, that this Order is without prejudice to the rights of the Additional Discovery Parties to object to discovery requests in the manner permitted by the applicable rules.

Dated: _____, 2016
       New York, New York

                                                     _____
                                                     HONORABLE MICHAEL E. WILES
                                                     UNITED STATES BANKRUPTCY JUDGE

---

[1] Capitalized terms referred to but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

# Schedule A

JPMorgan Chase Bank, N.A.

J.P. Morgan Markets Limited

J.P. Morgan (Suisse) SA

J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities Inc.)

J.P. Morgan Clearing Corp.

J.P. Morgan International Bank Limited